JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 12-2167 AG (DTBx)** | Date | December 14, 2012 |
|---|---|---|---|
| Title | KOUROSH KAVEH v. PIA JACKSON | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

Plaintiff Kourosh Kaveh ("Plaintiff") filed this case in state court for unlawful detainer. Defendant Pia Jackson ("Defendant") then filed a Notice of Removal, which removed this case from state to federal court. For the reasons that follow, the Court REMANDS the case to state court.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Defendant's Notice of Removal argues that federal jurisdiction is proper based upon federal question jurisdiction. (Notice of Removal 2.) But a review the Complaint makes clear that Defendant's argument fails. The Complaint does not rely on any federal law, so Defendant has not demonstrated a basis for federal jurisdiction. *See* 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [defendants] must demonstrate that original subject-matter jurisdiction lies in the federal courts.").

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 12-2167 AG (DTBx)** | Date | December 14, 2012 |
|---|---|---|---|
| Title | KOUROSH KAVEH v. PIA JACKSON | | |

harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

In sum, Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |